**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

JIMMIE EARL JONES, III,

Plaintiff,

v.

CYPRIAN PUISIS, et al.,

Defendants.

No. 2:25-cv-3231-ICD-P

ORDER

and

FINDINGS AND RECOMMENDATIONS

Plaintiff, who is proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the Court is Defendants' unopposed motion to dismiss, as well as Defendants' Motion to Consolidate. See ECF Nos. 22, 23.

In considering a motion to dismiss, the Court must accept all allegations of material fact in the complaint as true. See Erickson v. Pardus, 551 U.S. 89, 93–94 (2007). The Court must also construe the alleged facts in the light most favorable to the plaintiff. See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); see also Hosp. Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976); Barnett v. Centoni, 31 F.3d 813, 816 (9th Cir. 1994) (per curiam). All ambiguities or doubts must also be resolved in the plaintiff's favor. See Jenkins v. McKeithen, 395 U.S. 411, 421 (1969). However, legally conclusory statements, not supported by actual factual allegations, need not be accepted. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). In addition, pro se pleadings are held to a less stringent standard than those drafted by lawyers. See Haines v. Kerner, 404 U.S. 519, 520 (1972).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). However, in order to

survive dismissal for failure to state a claim under Rule 12(b)(6), a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Id. at 555–56. The complaint must contain "enough facts to state a claim to relief that is plausible on its face." Id. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. (quoting Twombly, 550 U.S. at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility for entitlement to relief.'" Id. (quoting Twombly, 550 U.S. at 557).

In deciding a Rule 12(b)(6) motion, the Court generally may not consider materials outside the complaint and pleadings. See Khoja v. Orexigen Therapeutics, Inc., 899 F.3d 988, 998 (9th Cir. 2018). The Court may, however, consider: (1) documents whose contents are alleged in or attached to the complaint and whose authenticity no party questions, see id. at 1002; (2) documents whose authenticity is not in question, and upon which the complaint necessarily relies, but which are not attached to the complaint, see Lee v. City of Los Angeles, 250 F.3d 668, 688 (9th Cir. 2001); and (3) documents and materials of which the court may take judicial notice, see id. at 689.

Finally, leave to amend must be granted "[u]nless it is absolutely clear that no amendment can cure the defects." Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995) (per curiam); see also Lopez v. Smith, 203 F.3d 1122, 1126 (9th Cir. 2000) (en banc).

## I. PLAINTIFF'S ALLEGATIONS

This action proceeds on Plaintiff's original complaint, filed October 29, 2025. ECF No. 1. In the complaint, Plaintiff alleges that on May 21, 2025, he was forced to the ground by Defendant Mule Creek State Prison (MCSP) Corrections Officer Cyprian Puisis, who straddled Plaintiff's waist to restrain him. Id. Defendant MCSP Corrections Officer Francisco Ceja simultaneously used his right fist to strike the left side of Plaintiff's back over twenty times. Id.

Plaintiff was wearing handcuffs during the duration of the incident. Id. Plaintiff suffered injuries to his lower back and continues to suffer from numbness in his fingers and back pain. Id. Plaintiff also incorporates by reference the reports of Defendants Puisis and Ceja, as well as those of non-party correctional staff Everett, Estupinan, Curry, Xiong, Arellano, Ozal, Vargas, Getty, Mayberry, Conner, Robison, and Hang. Id. The reports from these officers differ significantly from Plaintiff's account of the incident.

Correctional Staff member Long Hang, whose incident report is attached to the complaint, detailed how he was assisting with the administration of medication to inmates. Upon knocking on Plaintiff's cell door and announcing he was there for medication administration, Plaintiff stated, "You better watch out for life," and without provocation reached out with his right arm through the food port, knocking a tray of cups out of Hang's hand and causing them to hit Hang's torso area. Id. at 18. Hang used his state institutional radio to call a code, alerting staff to a disruptive inmate and an assault on staff. Id.

Defendant Officer Puisis' report states that he responded to a radio call regarding a staff assault. Id. at 11. Defendant Puisis noted Plaintiff displayed an aggravated demeanor and violent behavior. Id. Plaintiff's cellmate, Azpera, was asked to exit the cell for his safety, at which point Defendant Puisis' report states that Plaintiff "suddenly wrapped both his arms around Azpera and pulled Azpera into his lap stating, 'Neither of us are coming out, what're you going to do now!'" Id. Defendant Puisis' report goes on to state that correctional staff Estupinan and Mayberry both pepper-sprayed Plaintiff while ordering Plaintiff to release his grasp on Azpera. Id. Plaintiff did release Azpera, and while exiting the cell, Defendant Puisis ordered Plaintiff to submit to handcuffs. Id. Plaintiff resisted, and to obtain Plaintiff's compliance, Defendant Puisis utilized force to secure handcuffs on Plaintiff. Id. The reports of other officers, including Defendant Ceja, are incorporated by reference into Plaintiff's complaint. See ECF No. 1. These accounts all corroborate and tell the same story as Defendant Puisis' account. Id.

## II. DISCUSSION

Defendants argue that the complaint should be dismissed because, when considering the exhibits attached to the complaint, Plaintiff fails to plead specific facts showing Defendant

Officers Puisis and Ceja violated Plaintiff's Eighth Amendment rights. ECF No. 22, p. 3. For the reasons discussed below, the Court finds Defendants' argument dispositive.

The treatment a prisoner receives in prison and the conditions under which the prisoner is confined are subject to scrutiny under the Eighth Amendment, which prohibits cruel and unusual punishment. See Helling v. McKinney, 509 U.S. 25, 31 (1993); Farmer v. Brennan, 511 U.S. 825, 832 (1994). The Eighth Amendment ". . . embodies broad and idealistic concepts of dignity, civilized standards, humanity, and decency." Estelle v. Gamble, 429 U.S. 97, 102 (1976). Conditions of confinement may, however, be harsh and restrictive. See Rhodes v. Chapman, 452 U.S. 337, 347 (1981). Nonetheless, prison officials must provide prisoners with "food, clothing, shelter, sanitation, medical care, and personal safety." Toussaint v. McCarthy, 801 F.2d 1080, 1107 (9th Cir. 1986), abrogated in part on other grounds by Sandin v. Conner, 515 U.S. 472 (1995). A prison official violates the Eighth Amendment only when two requirements are met: (1) objectively, the official's act or omission must be so serious such that it results in the denial of the minimal civilized measure of life's necessities; and (2) subjectively, the prison official must have acted unnecessarily and wantonly for the purpose of inflicting harm. See Farmer, 511 U.S. at 834. Thus, to violate the Eighth Amendment, a prison official must have a "sufficiently culpable mind." See id.

When prison officials stand accused of using excessive force, the core judicial inquiry is ". . . whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Hudson v. McMillian, 503 U.S. 1, 6–7 (1992); Whitley v. Albers, 475 U.S. 312, 320–21 (1986). The "malicious and sadistic" standard, as opposed to the "deliberate indifference" standard applicable to most Eighth Amendment claims, is applied to excessive force claims because prison officials generally do not have time to reflect on their actions in the face of risk of injury to inmates or prison employees. See Whitley, 475 U.S. at 320–21. In determining whether force was excessive, the court considers the following factors: (1) the need for application of force; (2) the extent of injuries; (3) the relationship between the need for force and the amount of force used; (4) the nature of the threat reasonably perceived by prison officers; and (5) efforts made to temper the severity of a forceful response.

See Hudson, 503 U.S. at 7. The absence of an emergency situation is probative of whether force was applied maliciously or sadistically. See Jordan v. Gardner, 986 F.2d 1521, 1528 (9th Cir. 1993) (en banc). The lack of injuries is also probative. See Hudson, 503 U.S. at 7–9. Finally, because the use of force relates to the prison's legitimate penological interest in maintaining security and order, the court must be deferential to the conduct of prison officials. See Whitley, 475 U.S. at 321–22.

In evaluating the complaint for sufficiency in the face of a motion to dismiss, the Court may consider documents whose contents are alleged in or attached to the complaint and whose authenticity no party questions. See Khoja v. Orexigen Therapeutics, Inc., 899 F.3d 988, 1002 (9th Cir. 2018). When considering the accounts of prison staff which are properly attached to Plaintiff's complaint, the facts indicate that Defendants acted in good faith to restore order and discipline. See ECF No. 1 at 8, 10, 11; Hudson, 503 U.S. at 6–7; Whitley, 475 U.S. at 320–21. The statements from Defendants Puisis and Ceja and Correctional Staff Member Hang indicate that Plaintiff presented a danger to himself, his cellmate, and various prison staff and that Defendants acted reasonably to maintain safety and restore security and order. ECF No. 1 at 10–12, 18. Defendant Ceja noted that Plaintiff was acting "agitated and aggressive" and that despite multiple direct orders, Plaintiff did not let go of his cellmate, whose waist Plaintiff had wrapped his arms around. ECF No. 1 at 10. Defendant Ceja described how he and other officers first ordered Plaintiff to release his cellmate, then utilized pepper spray before attempting further pepper spray bursts to separate Plaintiff from his cellmate. Id. After officers separated Plaintiff from his cellmate, Defendant Ceja noted that Plaintiff was "thrashing his body sporadically in a side to side motion" and that Plaintiff was "utilizing his right hand to grab Officer Puisis' right arm, not allowing Puisis to secure [Plaintiff's] wrist into handcuffs." Id. Defendant Ceja described a use of force which continued only until Plaintiff "was secured in handcuffs and leg restraints." Id. Other officers, such as Officer Xiong, described a use of force only until Plaintiff became compliant. See id. at 8.

The reports of the officers attached to Plaintiff's complaint demonstrate a need for force to separate Plaintiff and his cellmate, and steadily escalating tactics which were suspended upon the

successful restraint of Plaintiff. See ECF No. 1 at 8–12, 18. The officers' reports clearly demonstrate a use of force which was fairly considered and in pursuit of the legitimate penological interest in maintaining discipline and order.

**III. CONCLUSION**

Based on the foregoing, the undersigned orders and recommends as follows:

1. The Clerk of the Court is DIRECTED to randomly assign a United States District Judge to this case.

2. It is RECOMMENDED that Defendants' unopposed motion to dismiss (ECF No. 22) be GRANTED and this action be dismissed with prejudice and without leave to amend.

3. It is RECOMMENDED that Defendants' Motion to Consolidate (ECF No. 23) be DENIED as moot.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days after being served with these findings and recommendations, any party may file written objections with the court. Responses to objections shall be filed within 14 days after service of objections. Failure to file objections within the specified time may waive the right to appeal. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: October 6, 2026

ILA C. DEISS
UNITED STATES MAGISTRATE JUDGE